[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#101.00) ANDDEFENDANT'S MOTION TO STRIKE (#101.50)
"[O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case. . . ." (Internal quotation marks omitted.) Community Collaborative of Bridgeport, Inc. v.Ganim, 241 Conn. 546, 552 (1997). The arguments raised in the defendant's motion to strike recount the arguments raised in its motion to dismiss. This court, therefore, addresses only whether the court has subject matter jurisdiction over the instant case.
This court finds the doctrine of exhaustion of administrative remedies inapplicable to the present case because the plaintiff seeks relief unavailable through the Connecticut Commission on Human Rights and Opportunities. See Judge Hurley's reasoning inGriswold v. Blackburn Janitorial, Superior Court, judicial district of New London, Docket No. 534256 (August 22, 1996), and Judge Hendel's reasoning in Seebeck v. McLaughlin Research Corp. , Superior Court, judicial district of New London, Docket No. 530884 (February 16, 1995).
Accordingly, the defendant's motion to dismiss is denied.
Martin, J. CT Page 13149